# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID SADDY,**

    **Plaintiff,**

    v.                                                                          **Case No. 07-C-0422**

**MAYOR OF CITY OF MILWAUKEE,**
**DAVID A. CLARKE, JR.,**
**MILWAUKEE COUNTY JAIL,**
**MILWAUKEE COUNTY HOUSE OF CORRECTION,**
**JOHN DOE 1, Health Service Manager of Milwaukee County Jail,**
**JOHN DOE 2, Health Service Manager of Milwaukee County House of Correction,**
**and JOHN DOE 3, Superintendent of Milwaukee County House of Correction,**

    **Defendants.**

## ORDER

Plaintiff, David Saddy, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's motion to proceed in forma pauperis, motion to appoint counsel and request for production of documents.

### I. PETITION TO PROCEED IN FORMA PAUPERIS

The plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. 28 U.S.C.

§ 1915(a)(2). The court then assess and, when funds exists, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately proceeding the filing of the complaint. Id.

In accordance with this court's order of May 9, 2007, the plaintiff has paid the initial partial filing fee of $12.96. Hence, he will be permitted to proceed in forma pauperis. The plaintiff's $337.04 balance will be collected as set forth below.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair

2

notice of what the ... claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson v. Washington, 362 F.3d 969, 970 (7th Cir. 2004).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon them by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

**Complaint Averments**

The plaintiff is currently an inmate at Kettle Moraine Correctional Institution. However, his complaint concerns events that occurred during May, 2003, when he was incarcerated at Milwaukee County Jail and Milwaukee County House of Correction. The complaint names as defendants the Mayor of the City of Milwaukee, Sheriff David A. Clarke, Jr., Milwaukee County Jail, Milwaukee County House of Correction, John Doe 1 (the Health Service Manager at the Milwaukee County Jail, John Doe 2 (the Health Service Manager at the Milwaukee County House of Correction), and John Doe 3 (the Superintendent of the Milwaukee County House of Correction).

The allegations in the plaintiff's unsworn complaint are somewhat cryptic. For example, he seeks "relief basis on the municipal practice of policy procedure is unconstitutional on it's face and in light." (Compl. at 1). Based on this statement, it appears that the plaintiff is asserting that a policy

3

employed by the defendants violates his constitutional rights.  However, the plaintiff does not identify the allegedly unconstitutional policy.

Furthermore, the plaintiff's allegations concerning the nature of the medical treatment he received are largely unintelligible. For instance, the plaintiff objects to the medical care he received at Milwaukee County Jail and Milwaukee County House of Correction.  However, he does not specifically allege the nature of his medical condition.  Rather, he submits with his complaint various medical and laboratory records.  The plaintiff should not expect the court to analyze these medical records in an attempt to ascertain which condition(s) are the subject of the complaint.

Finally, the plaintiff claims that false information was placed in his medical files and transmitted from Milwaukee County Jail to Milwaukee County House of Correction.  Based on this, the plaintiff "was denied adequate medical care and review by the next facility/institution whom received and viewed those records."  (Compl. at 6).

For relief, the plaintiff asks for "[a]ctual damages in the amount of the State of Wisconsin allow for claims against the State and its employee's (sic)," punitive damages "in the amount of double for which the State authority parties to suite against the State as claimed above," and consequential damages "in the form of stoping (sic) all medical contract(s) until issues are addressed where prisoner's will be seen or viewed by Doctor's (sic) at begining (sic) of injury/illegal after Notice or requests."  (Compl. at 8).

**Analysis**

The plaintiff contends that the defendants provided him with inadequate medical care. Inasmuch as he appears to have been a pretrial detainee when the alleged wrongdoing occurred, the plaintiff's medical care claims technically arise under the Fourteenth Amendment. <u>Chavez v. Cady</u>,

4

207 F.3d 901, 904 (7th Cir. 2000). However, "[t]he distinction [between pretrial detainee and prisoner status] is immaterial since the legal standard for a § 1983 claim is the same under either the Cruel and Unusual Punishment Clause of the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment." Whiting v. Marathon Co. Sheriff's Dep't, 382 F.3d 700 (7th Cir. 2004). Thus, the court will analyze the plaintiff's medical care claims under the Eighth Amendment deliberate indifference standard.

Deliberate indifference to the serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, and thus is proscribed by the Eighth Amendment. Walker v. Benjamin, 293 F.3d 1030, 1040 (7th Cir. 2002)(citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). This is the case "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle, 429 U.S. at 104-05.

At this stage of the litigation, it is unclear whether the plaintiff has stated medical care claim. As discussed, he has not identified the nature of his medical condition. Furthermore, he has not identified the responsible defendants for each allegation of wrongdoing. Indeed, many of the defendants named in the caption are not even mentioned in the body of the complaint.

"Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. See Pacelli v. DeVito, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. Id.

5

It also appears that the plaintiff wishes to pursue a state tort law claim against the defendants pursuant to Wis. Stat. § 893.82. On May 10, 2007, the plaintiff filed a document entitled "State of Wisconsin Notice of Claim and Injury Pursuant to WI. STATS § 893.82." However, no mention of this potential claim is made in the complaint.

If the plaintiff wishes to proceed on his medical treatment and state tort law claims, or any other claims, he must file an amended complaint curing the deficiencies noted above. He must specify the nature of his medical condition(s) for which the defendants exhibited deliberate indifference. He must also identify the responsible defendants and specify the manner in which their action, or failure to take action, violated his constitutional rights. Such amended complaint must be filed on or before August 6, 2007. Failure to file an amended complaint by this date may result in dismissal of this action.

The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Ed. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). Once received, the amended complaint will be screened pursuant to 28 U.S.C. § 1915A(a).

## II. MOTION TO APPOINT COUNSEL

The plaintiff has moved for the appointment of counsel. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992); McKeever v. Israel, 689 F.2d 1315, 1318 (7th Cir. 1982). This is authorized to request, but not to compel (see Mallard v. United States District Court, 490 U.S. 296 (1989)), an attorney to represent an indigent civil litigant pursuant to 28 U.S.C.

§ 1915(e)(1). Jackson, 953 F.2d at 1071; McKeever, 689 F.2d at 1318. This court appoints counsel under § 1915(e)(1) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the plaintiff's due process rights would be violated. McNeil v. Loweny, 831 F.2d 1368, 1371 (7th Cir. 1987).

The threshold requirement for appointment of counsel under § 1915(e) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own, or whether he was effectively precluded from making such efforts. Id. at 1073. If a plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. Id. Once this initial requirement is met, the court, in exercising its discretion with regard to the plaintiff's request, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try this case himself a, if not, would the presence of counsel likely make a difference in the outcome of the case. See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993).

In this case, the plaintiff has not provided any indication that he has unsuccessfully attempted to obtain legal counsel on his own. The plaintiff should provide the court with the names and addresses of three counsel he has contacted. Accordingly, the plaintiff's request for appointment of counsel is denied.

### III. REQUEST FOR PRODUCTION OF DOCUMENTS

The plaintiff requests that he be permitted to inspect and copy several documents in the defendants' possession. While he is permitted to obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action," Fed.R.Civ.P. 26(b)(1), the plaintiff's request is premature because the court has not yet determined what, if any,

claims for relief he has stated. Thus, the plaintiff's request for production of documents will be denied.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion to proceed in forma pauperis (Docket # 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall file an amended complaint curing the deficiencies in the original complaint on or before **August 6, 2007.** Failure to file an amended complaint by this date may result in dismissal of this action.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket # 3) is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff's request for production of documents (Docket # 4) is **DENIED.**

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $337.04 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin this 9th day of July, 2007.

s/AARON E. GOODSTEIN<br>U.S. Magistrate Judge