UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID SADDY,
        Plaintiff,

      v.                                                                                        Case No. 07-C-0422

MAYOR OF CITY OF MILWAUKEE,
DAVID A. CLARKE, JR.,
MILWAUKEE COUNTY JAIL,
MILWAUKEE COUNTY HOUSE OF CORRECTION,
JOHN DOE 1, Health Service Manager of Milwaukee County Jail,
JOHN DOE 2, Health Service Manager of Milwaukee County House of Correction, and
JOHN DOE 3, Superintendent of Milwaukee County House of Correction,
        Defendants.

## DECISION AND ORDER

        Plaintiff, David Saddy, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. By order of July 9, 2007, the court reviewed the original complaint and found it to be deficient in several respects. First, plaintiff failed to identify the nature of the medical condition(s) for which defendants allegedly provided inferior care. Furthermore, plaintiff did not make specific allegations of wrongdoing against each defendant. Therefore, plaintiff was advised that, if he wished to pursue this action, he should file an amended complaint curing these deficiencies on or before August 6, 2007.

        Plaintiff subsequently filed an amended complaint. Rule 15(a) of the Federal Rules of Civil Procedure states that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

        In the absence of any apparent or declared reason - such as undue delay,
        bad faith or dilatory motive on the part of a movant, repeated failure to cure

> deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be freely given.

Foman v. Davis, 371 U.S. 178, 182 (1962).

Although leave to amend should be liberally given as justice allows, a plaintiff will not be allowed to amend his complaint if such amendments will be futile. Moore v. Indiana, 999 F.2d 1125, 1128 (7th Cir. 1993). For example, if the claims in an amended complaint could not withstand a motion to dismiss for failure to state a claim upon which relief can be granted, I would not grant leave to file the amended complaint. Id. Therefore, I will now screen the amended complaint to determine whether the plaintiff has stated any claims for relief.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). I may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully

2

construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, I must accept as true all of the factual allegations contained in the complaint. Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**A.    Background**

Plaintiff was incarcerated at Milwaukee County Jail and Milwaukee County House of Correction at all times relevant. However, he is currently confined at Kettle Moraine Correctional Institution (KMCI).

3

Plaintiff alleges that Milwaukee County Jail authorizes or enforces a policy under which nurses are allowed to diagnose inmates' medical conditions and prescribe medication, in violation of state and federal law. Plaintiff further avers that Milwaukee County Jail transmitted his medical records to the Milwaukee County House of Correction. Once plaintiff's medical records were received at Milwaukee County House of Correction, the Health Service Manager (John Doe 2) failed to review them and, therefore, failed to ascertain the nature of plaintiff's medical condition.

Plaintiff avers that these actions caused him unnecessary suffering. Additionally he submits that he experienced an unspecified medical condition that a physician would have diagnosed as mandating treatment and that is so "obvious that even a lay person would easily recognize the necessity for doctor's attention." (Am. Compl. 4). For relief, plaintiff demands monetary damages and injunctive relief.

**B.    Analysis**

Plaintiff contends that defendants employed an unconstitutional policy and denied him adequate medical care in violation of the Eighth Amendment. For the reasons discussed below, the amended complaint is deficient.

First, plaintiff alleges that he was provided with inferior medical care. Inasmuch as plaintiff was a pretrial detainee when the alleged wrongdoing occurred, his medical care claims technically arise under the Fourteenth Amendment. Chavez v. Cady, 207 F.3d 901, 904 (7th Cir. 2000). However, "[t]he distinction [between pretrial detainee and prisoner status] is immaterial since the legal standard for a § 1983 claim is the same under either the Cruel and Unusual Punishment Clause of the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment." Whiting v. Marathon Co. Sheriff's Dep't, 382 F.3d

4

700, 703 (7th Cir. 2004). Thus, I will analyze plaintiff's medical care claims under the Eighth Amendment deliberate indifference standard.

"In order to state a cognizable medical care claim claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. Thus, a prisoner must show that: (1) his medical need was objectively serious, and (2) the official acted with deliberate indifference to the prisoner's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001); see also Estelle, 429 U.S. at 104-05; Zentmyer v. Kendall County, 220 F.3d 805, 810 (7th Cir. 2000). In the present case, plaintiff has not given any indication as to the nature of his medical condition. By order dated July 9, 2007, he was advised that failure to provide information about the medical condition for which he was allegedly denied care would result in dismissal of this claim. Despite this warning, and an opportunity to amend the complaint, plaintiff has not cured this deficiency. Instead, he merely alleges that defendants failed to diagnose and treat his condition, "one that is so obvious that even a lay person would easily recognize the necessary [sic] for doctor's attention." (Am. Compl. at 5).

Although a complaint need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Erickson, 127 S. Ct. at 2200, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp., 127 S. Ct. at 1965 (internal quotation marks omitted) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). However obvious his condition might be, plaintiff is silent as to what it is and, therefore, has failed to provide even minimal detail to give defendants

5

notice as to the grounds for his claim. Because he has not met this minimal requirement, plaintiff has failed to make out an Eighth Amendment medical care claim. Cf. Pratt v. Tarr, 464 F.3d 730, 732 (7th Cir. 2006) (noting that requiring minimal detail in the complaint serves the traditional purpose of notice pleading by giving defendants fair notice of the claims against them and a reasonable opportunity to form an answer).

Next, plaintiff contends that the defendants employed an unconstitutional policy of allowing nurses to diagnose and treat patients. Plaintiff avers that the policy is unconstitutional because it violates unidentified state and federal laws. A violation of state law, by itself, does not amount to a constitutional violation. Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003); see also Archie v. City of Racine, 847 F.2d 1211, 1216-17 (7th Cir. 1988) (violation of state law does not give rise to an actionable § 1983 claim unless it independently violates the constitution or federal law). And, while a court may exercise supplemental jurisdiction over claims that are so related to a constitutional claim that they form part of the same case or controversy, see 28 U.S.C. § 1367(a), plaintiff has not stated a constitutional claim.

For the foregoing reasons, the amended complaint fails to state a claim. Accordingly, plaintiff's request to amend the complaint will be denied. However, based on the limited facts before me, I cannot say that plaintiff does not have any constitutional claim. Therefore, I will provide plaintiff with one more opportunity to clarify the nature of his claims.

Plaintiff is advised that if he wishes to proceed on his medical treatment and state tort law claims, or any other claims, he must file an amended complaint curing the deficiencies noted above. He must specify the medical condition(s) for which defendants

6

exhibited deliberate indifference. Plaintiff should also identify, to the best of his ability, the responsible defendants and specify the manner in which their action, or failure to take action, violated his constitutional rights. Such amended complaint must be filed on or before **May 29, 2008.** Failure to file an amended complaint by this date may result in dismissal of this action.

The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Ed., 133 F.3d 1054, 1056 (7th Cir. 1998). Once received, the amended complaint will be screened pursuant to 28 U.S.C. § 1915A(a).

As a final matter, plaintiff has filed a letter requesting that his federal filing fees be deducted from his prison trust account at a reduced rate. Plaintiff incurred $700.00 in filing fees for bringing this action and another civil rights case, Saddy v. Frank, No. 07-C-0421 (E.D. Wis.), which was dismissed on August 20, 2007, for failure to state a claim. He was then charged $455.00 for the appeal of Saddy v. Frank, No. 07-C-0421. Plaintiff asks that the $1,155.00 in filing fees be withdrawn at the rate of five percent of his preceding month's income, as opposed to the current rate of twenty percent.

Unfortunately for plaintiff, I have no say over the manner in which federal filing fees are deducted from his prison trust account. Inmates who are permitted to proceed in forma pauperis, such as plaintiff in this case, have filing fees withdrawn from their accounts according to the formula set forth in the Prison Litigation Reform Act (PLRA). See 28 U.S.C. § 1915. Under the PLRA, I must assess an initial partial filing fee of twenty percent of the average monthly deposits to his account or average monthly balance in his prison

account for the six-month period immediately preceding the filing of the complaint, whichever is greater. Id. After the initial fee is paid, plaintiff must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). Therefore, plaintiff's request to have his federal filing fees deducted at a reduced rate will be denied.

## CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend the complaint (Docket # 10) is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint curing the deficiencies in the original complaint on or before **May 29, 2008.** Failure to file an amended complaint by this date may result in dismissal of this action.

**IT IS FURTHER ORDERED** that plaintiff's request to have his filing fees deducted from his prison trust account at a reduced rate (Docket # 12) is **DENIED.**

Dated at Milwaukee, Wisconsin this 2 day of May, 2008.

/s_____
LYNN ADELMAN
District Judge

8