DAVID SADDY,
        Plaintiff,

    v.                                    Case No. 07-C-0422

MAYOR OF CITY OF MILWAUKEE,
DAVID A. CLARKE, JR.,
MILWAUKEE COUNTY JAIL,
MILWAUKEE COUNTY HOUSE OF CORRECTION,
JOHN DOE 1, Health Service Manager of Milwaukee County Jail
JOHN DOE 2, Health Service Manager of Milwaukee County House of Correction, and
JOHN DOE 3, Superintendent of Milwaukee County House of Correction,
        Defendants,

## ORDER

Plaintiff, David Saddy, lodged a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and has been granted leave to proceed in forma pauperis. In an order dated May 2, 2008, I screened plaintiff's proposed complaint and found it failed to state a claim upon which relief could be granted. I therefore ordered plaintiff to file a new amended complaint curing the deficiencies. In accordance with this order, plaintiff filed a new proposed amended complaint, docketed as a motion to amend the complaint, which I will now screen pursuant to 28 U.S.C. § 1915A. I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for plaintiff to plead specific facts; his statement need only

"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court must give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**A.  Background**

The plaintiff, David Saddy, is currently confined at Kettle Moraine Correctional Institution (KMCI). However, his complaint relates to events that occurred when he was incarcerated at Milwaukee County Jail and Milwaukee County House of Correction. Saddy asserts that he was diagnosed with a staph infection, which constitutes a "serious medical need."

Saddy alleges that John Doe 1, the Health Service Manager of Milwaukee County Jail, failed to adequately review his medical file and failed to tell the next institution about his staph infection. Saddy maintains that this failure resulted in a delay in treatment and caused Saddy pain while he was at the Milwaukee County House of Correction. Saddy alleges that, due to the acts or omissions of John Doe 1, the nurse at the Milwaukee

2

County House of Correction failed to address his serious medical condition or refer him to a doctor.

Saddy alleges that John Doe 2, the Health Service Manager at the House of Correction, was deliberately indifferent to Saddy's serious medical need due to John Doe 1's "intentional reckless or intentional failure to place other facility or institution on notice of serious medical need." Saddy further alleges that John Doe 2 failed to report that John Doe 1 did not give notice of his condition, though Saddy does not aver to whom notice should have been given.

Saddy also makes allegations regarding the parties he named as defendants. Although he does not identify the specific policy he alleges violates his constitutional rights, Saddy avers that Milwaukee County Sheriff David Clarke, Jr., is responsible for acts and omissions that resulted from policies at the Milwaukee County Jail. Saddy fails to identify the specific policy he alleges violates his constitutional rights. Saddy avers that John Doe 3, the Superintendent of the Milwaukee County House of Correction authorized a policy that caused employees to violate Saddy's civil rights. Saddy asserts claims against the Milwaukee County Jail and the Milwaukee County House of Correction to answer for the act or omission of their employees. Saddy also makes a claim against the Mayor of the City of Milwaukee, alleging the mayor is the authorized decision maker for municipal policies of the City of Milwaukee. For relief, Saddy demands compensatory and punitive monetary damages, and injunctive relief.

Attached to Saddy's amended complaint is a two-sided document containing medical progress notes. According to the notes, Saddy noticed a bump under his arm on August 10, 2003. He was seen by health services nurses on August 11, 13 and 15, 2003,

3

and by Dr. Daley on August 14, 2003. Saddy's complaint does not indicate whether these records reflect treatment received at either the Milwaukee County Jail or the Milwaukee County House of Correction. Nor does it mention whether the treatment documented occurred before or after the events alleged.

**B.     Medical Care Claim**

The plaintiff contends that John Doe 1 and John Doe 2 failed to review his medical records, and that their failure to review his medical records resulted in a delay and inadequacy of his treatment for a staph infection. The plaintiff alleges the delay and inadequacy of care for his staph infection constituted a violation of the Eighth Amendment. Inasmuch as the plaintiff was a pretrial detainee when the alleged wrongdoing occurred, his medical care claims technically arise under the Fourteenth Amendment. Chavez v. Cady, 207 F.3d 901, 904 (7th Cir. 2000). However, "[t]he distinction [between pretrial detainee and prisoner status] is immaterial since the legal standard for a § 1983 claim is the same under either the Cruel and Unusual Punishment Clause of the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment." Whiting v. Marathon County Sheriff's Dep't, 382 F.3d 700, 703 (7th Cir. 2004). Thus, the court will analyze the plaintiff's medical care claims under the Eighth Amendment deliberate indifference standard.

To establish liability under the Eighth Amendment, a prisoner must show that: (1) his medical need was objectively serious, and (2) the official acted with deliberate indifference to the prisoner's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001); see also Estelle, 429 U.S. at 104-05; Zentmyer v. Kendall County, Illinois, 220 F.3d 805, 810 (7th Cir. 2000). In the

4

present case, plaintiff has identified that he was suffering from a staph infection, which is arguably a serious medical need. He alleges that John Does 1 and 2 were deliberately indifferent to his serious medical need. Consequently, the plaintiff may proceed on Eighth and Fourteenth Amendment claims against John Does 1 and 2.

**C.     Policy Claim**

Although hard to discern, it appears that the plaintiff also is asserting that a policy of either the Milwaukee County Jail or Milwaukee County House of Correction, or perhaps both, led to the alleged unconstitutional delay in his treatment for a staph infection. However, the Milwaukee County Jail and the Milwaukee County House of Correction are not persons under § 1983. Therefore, they are not appropriate defendants in this action, and they will be dismissed. See Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993).

A governmental unit is not liable under § 1983 unless the deprivation of constitutional rights is caused by its own policy or custom. Walker v. Sheahan, 526 F.3d 973, 977 (7th Cir. 2008). Three forms of unconstitutional policies or customs are recognized in this context: "(1) an express policy causing the loss when enforced; (2) a widespread practice constituting a "custom or usage" causing the loss; or (3) a person with final policymaking authority causing the loss." Id. The plaintiff does not expressly invoke one of these three policy types, but he argues that his medical records should have been reviewed and the Milwaukee County Jail should have make his next institution aware of his staph infection. He also seems to argue that the health services unit at the Milwaukee County House of Correction should have reviewed his medical records upon his arrival to learn that he suffered from a staph infection. The plaintiff has arguably set forth a policy

5

claim challenging policies at both the Milwaukee County Jail and the Milwaukee County House of Correction.

Milwaukee County Sheriff David Clarke, Jr., may be responsible in his official capacity for the policies at the Milwaukee County Jail and the Milwaukee County House of Correction. Rodney K. Malone is the superintendent of the Milwaukee County House of Correction and, in his official capacity, may be responsible for the policies at the Milwaukee County House of Correction. Rodney K. Malone will be substituted for John Doe 3 as a defendant in this action. The plaintiff may proceed on policy claims against David Clarke, Jr., and Rodney K. Malone, in their official capacities. To the extent the plaintiff intended claims against either Clarke or Malone in their individual capacities, I will dismiss those claims.

**D.     Additional Party**

Finally, the plaintiff names the Mayor or City of Milwaukee as a defendant. However, the plaintiff's complaint does not indicate any involvement from the City of Milwaukee. As such, I will dismiss the Mayor of City of Milwaukee as a party to this action.

### CONCLUSION

**For the foregoing reasons,**

**IT IS ORDERED** that plaintiff's motion to amend complaint (Docket #14) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket the proposed amended complaint as plaintiff's first amended complaint.

6

**IT IS FURTHER ORDERED** that the Mayor of City of Milwaukee be and is hereby **DISMISSED** as a party this action.

**IT IS FURTHER ORDERED** that Milwaukee County Jail be and is hereby **DISMISSED** as a party this action.

**IT IS FURTHER ORDERED** that the Milwaukee County House of Correction be and is hereby **DISMISSED** as a party this action.

**IT IS FURTHER ORDERED** that the Clerk's Office shall substitute Rodney K. Malone for John Doe 3, Superintendent, Milwaukee County House of Correction.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint, the summons, and this order pursuant to Federal Rule of Civil Procedure 4 upon the following defendants: David A. Clarke, Jr.; John Doe 1, Health Service Manager of Milwaukee County Jail; John Doe 2, Health Service Manager of Milwaukee County House of Correction; and Rodney K. Malone, Superintendent of Milwaukee County House of Correction. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee of waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that defendants shall file a responsive pleading to the first amended complaint.

**IT IS FURTHER ORDERED** that the Clerk of Court shall randomly reassign this file to a United States District Judge. This case was originally assigned to Magistrate Judge Aaron E. Goodstein, but the parties have not consented to magistrate jurisdiction.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 15 day of November, 2008.

/s_____
LYNN ADELMAN
District Judge