# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID SADDY,

      Plaintiff,

     v.                                         Case No. 07-C-0422

DAVID A. CLARKE, JR., RODNEY K. MALONE,
JOHN DOE 1, Health Service Manager of Milwaukee County Jail, and
JOHN DOE 2, Health Service Manager of Milwaukee County House of Correction,

      Defendants.

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The plaintiff, David Saddy, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. In an order dated November 17, 2008, United States District Judge Lynn Adelman screened the plaintiff's amended complaint and allowed the plaintiff to proceed on (1) Eighth and Fourteenth Amendment claims against John Does 1 and 2; and (2) claims against Milwaukee County Sheriff David Clarke, Jr. and Milwaukee County House of Correction superintendent Rodney K. Malone challenging policies at the Milwaukee County Jail and the Milwaukee County House of Correction. On February 9, 2009, the matter was reassigned to this court upon the consent of the parties to the exercise of jurisdiction by the magistrate judge. The defendants then filed a motion for summary judgment, which is ready for resolution.

### I. SUMMARY JUDGMENT STANDARD OF REVIEW

Under Fed.R.Civ.P. 56(c)(2), summary judgment is proper when the pleadings and other submissions filed in the case show that there is no genuine issue regarding any material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). After adequate time for discovery, summary judgment is appropriate against a party who

fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. The existence of a factual dispute between the parties will not defeat a properly supported motion for summary judgment unless the facts in dispute are those which might affect the outcome or resolution of issues before the court. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A genuine issue of material fact exists only where a reasonable finder of fact could make a finding in favor of the non-moving party. Id. at 248; Santiago v. Lane, 894 F.2d 218, 221 (7th Cir. 1990). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine need for trial and summary judgment is proper. Matsushita Elec. Indus. Co., Lt. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The moving party has the initial burden of demonstrating that there is no genuine issue of material fact. Celotex, 477 U.S. at 323. Once this burden is met, the non-moving party must designate specific facts to support or defend each element of the cause of action, showing that there is a genuine issue for trial. Id. at 322-23. When the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. Anderson, 477 U.S. at 267; see also Celotex Corp., 477 U.S. at 324 ("proper" summary judgment motion may be "opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves . . ."); Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleadings; rather, its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial"). If a plaintiff merely repeats under oath the same general allegations contained in the complaint, this is not enough to convert claims into evidence sufficient to maintain a claim at the summary judgment stage. Wudtke v. Davel, 128 F.3d 1057, 1061 (7th Cir. 1997).

To defeat summary judgment, the non-moving party must engage in more than a mere swearing match. Matter of Wade, 969 F.2d 241, 245 (7th Cir. 1992). While the resolution of factual disputes, the sufficiency of evidence developed from the facts, and the relative credibility of the parties are matters generally left to a jury or fact-finder at trial, summary judgment is nonetheless appropriate where the evidence is so one-sided that one party must prevail as a matter of law. Anderson, 477 U.S. at 251-252. If a party's allegations are based on mere conjecture, and are merely colorable or conclusory, and if the evidence supporting those allegations is not significantly probative as to material facts at issue, denial of a motion for summary judgment is not justified. Id. at 249-50.

## II. FACTS

The facts are taken from Saddy's medical records, which were attached to his various pleadings. The defendants also reply on the medical records in their proposed findings of fact.

In May 2003, the plaintiff, Saddy was treated for raised red sores, which were suspected to be "insect bites." A culture was obtained and, while the results were pending, the plaintiff was started on antibiotics.

On or about August 10, 2003, Saddy noticed a bump under his arm, which was later diagnosed as a staph infection. Saddy was treated by nurses for his staph infection on August 11, 13, and 15, 2003; Dr. Daley treated the plaintiff on August 14, 2003.

It appears from Saddy's claims that he received the treatment in May 2003 at the Milwaukee County Jail, but was at the Milwaukee County House of Correction for the treatment in August 2003. However, the record is unclear regarding when Saddy was transferred between the institutions.

## III. DISCUSSION

The defendants argue that they are entitled to summary judgment because: (1) at all times, the defendants acted in a reasonable and appropriate manner as they responded to Saddy's medical needs; (2) Saddy failed to show that there is an express or customary policy of not reviewing a

3

transferee's medical records, or that a person with final policymaking authority caused the injury; and (3) Saddy's claims should be dismissed because he did not comply with Wisconsin's notice of claim statute.

In response to the defendants' motion for summary judgment, Saddy filed an affidavit identifying and authenticating exhibits filed with an earlier pleading. Although Saddy states in the affidavit that the exhibits were attached to his amended complaint, he also identifies the exhibits as medical records from May 2003. There are no medical records from May 2003 attached to the plaintiff's amended complaint. The court's review of the record discloses that the May 2003 medical records to which Saddy refers in his affidavit are actually attached to his original complaint, which was filed May 8, 2007. The court will consider the medical records as part of the record.

**A.     Notice of Claim**

The defendants contend that they are entitled to summary judgment on all of Saddy's claims because he failed to file appropriate notices of claim under state law. However, the notice of claim requirements apply only to state law claims; the procedure contained in Wis. Stat. § 893.82 is not an "administrative remedy" for exhaustion purposes. Blas v. Endicott, 31 F.Supp.2d 1131, 1132 (E.D. Wis. 1999). Thus, this argument is moot because Saddy was not allowed to proceed on any state law claims.

**B.     Medical Care Claim**

The defendants submit that they are entitled to summary judgment on Saddy's medical care claim because there is no evidence that the defendants acted with a deliberate or a reckless disregard for Saddy's constitutional rights.

Before addressing the substance of the plaintiff's claim, the court notes that the plaintiff was allowed to proceed on a medical care claim under the Eighth and Fourteenth Amendments against John Does 1 and 2. Saddy has not identified John Doe 1 and John Doe 2. Consequently, they are

4

not parties to this action. The court could dismiss this claim due to Saddy's failure to identify and properly serve the defendants.

However, even if Saddy had identified the John Does, the record does not evince a violation of his rights under Eight and Fourteenth Amendments.

> The Eighth Amendment's prohibition against cruel and unusual punishment, which embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency, prohibits punishments which are incompatible with the evolving standards of decency that mark the progress of a maturing society. It thus requires that the government provide medical care for those whom it is punishing by incarceration. The Eighth Amendment safeguards the prisoner against a lack of medical care that may result in pain and suffering which no one suggests would serve any penological purpose. Accordingly, deliberate indifference to serious medical needs of a prison constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution. This indifference includes intentionally denying or delaying access to medical care of intentionally interfering with prescribed treatment. By contrast, mere negligence in the provision of medical care does not constitute a violation of the Amendment. Rather, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.

Rodriguez v. Plymouth Ambulance Service, 577 F.3d 816, 828-29 (7th Cir. 2009) (internal citations and quotations omitted).

The evidence in the record shows that Saddy received medical care when he requested it. He submitted an Inmate Request on May 14, 2003, due to raised red sores, which was addressed the same day and treated several times thereafter. Saddy was seen on May 15, 17, 21, and 28, 2003. On May 17, 2003, Saddy was seen, a culture was obtained, he was started on antibiotics, and he was scheduled for a follow up appointment. A May 21, 2003, medical note indicates "sores healing."

The next medical records provided start with a July 31, 2003, appointment regarding an unrelated concern. Then, on August 11, 2003, Saddy was seen for complaints of a bump under his arm that he "noted yesterday." He also was treated on August 13, 14, and 15, 2003.

This consistent treatment with frequent follow up appointments does not suggest deliberate indifference to Saddy's medical condition. Quite the opposite. There is no evidence that Saddy requested treatment between May and August 2003 or, if he requested it, that such treatment was not

5

provided. Based on the record before the court, viewed in the light most favorable to Saddy, a reasonable fact finder could not conclude that the defendants were deliberately indifferent to Saddy's medical needs.

**C.     Policy Claim**

Defendants argue that they are entitled to summary judgment on Saddy's official capacity claims against defendants Clarke and Malone because: (1) Saddy has shown no express or customary policy of not reviewing a transferee's medical records; and (2) Saddy failed to show that a person with final policymaking authority caused the injury.

"A municipality may be liable for harm to persons incarcerated under its authority if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners. Municipal liability under § 1983 is appropriate only when the policy in question is the direct cause or moving force behind a constitutional violation." Hunter v. Amin, 583 F.3d 486 (7th Cir. 2009) (internal citations and quotations omitted).

Saddy's affidavit response to the defendants' motion for summary judgment does not address this claim, and none of the three complaints Saddy has filed in this case were sworn. Consequently, there is no evidence in the record of any municipal policy or custom relevant to this case, let alone a causal connection between a policy and any injury to Saddy. See Walker v. Sheahan, 526 F.3d 973, 977 (7th Cir. 2008). The court will grant the defendants' motion for summary judgment.

## IV. ORDER

**NOW, THEREFORE, IT IS ORDERED** that the defendants' motion for summary judgment (Docket #30) be and hereby is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment in favor of the defendants and dismiss the plaintiff's amended complaint and this action.

Dated at Milwaukee, Wisconsin this 23rd day of February, 2010.

BY THE COURT:


s/AARON E. GOODSTEIN
United States Magistrate Judge